UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VALENTINA BONDARENKO,<br><br>Plaintiff,<br><br>v.<br><br>SNOW & SAUERTEIG, LLP,<br><br>Defendant. | CASE NO. 1:20-cv-00340 |

## CLASS ACTION COMPLAINT

### I.     INTRODUCTION

1. This is a class action brought by Plaintiff Valentina Bondarenko, individually and on behalf of all others similarly situated, for actual damages, statutory damages, costs of the action, a reasonable attorney's fee and all other damages allowed by law from Defendant for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq.

### II.     PLAINTIFF

2. Plaintiff Valentina Bondarenko is a natural person residing in Ft. Wayne, Indiana.

### III.     DEFENDANT

3. Defendant Snow & Sauerteig, LLP is a for-profit domestic limited liability partnership with its principal place of business in Fort Wayne, Indiana.

4. At all times relevant herein, Defendant was operating as a debt collector as defined by 15 U.S.C. § 1692a(6).

### IV.     STATEMENT OF FACTS

5. On July 7, 2020, Defendant filed a debt collection lawsuit, Cause No. 02D03-2007-SC-008537, against Ms. Bondarenko in Allen Superior Court over an allegedly unpaid debt incurred for legal services to Haller & Colvin P.C.

6. A copy of the Notice of New Claim is attached hereto as Exhibit A.

7. The legal services were provided to Leonard Easterly for personal, family or household purposes.

8. Ms. Bondarenko is not contractually or otherwise liable for the legal services provided to Leonard Easterly.

9. The Notice of New Claim filed in Cause No. 02D03-2007-SC-008537 seeks payment of a "filing service fee" of $2.83.

## V. CLAIMS FOR RELIEF

### A. Fair Debt Collection Practices Act

10. Plaintiff repeats, re-alleges and incorporates by reference paragraphs one through nine above.

11. Defendant violated the Fair Debt Collection Practices Act. These violations include, but are not limited to:

    a. Attempting to collect a debt that Plaintiff does not owe, in violation of 15 U.S.C. § 1692d, § 1692e, § 1692e(2), § 1692e(10), § 1692f and § 1692f(1);

    b. Attempting to collect a "filing service fee" from Plaintiff that she does not owe, in violation of 15 U.S.C. § 1692f(1).

12. As a result of the violation of the Fair Debt Collection Practices Act, Defendant is liable to Plaintiff for her actual damages, statutory damages, costs, attorney fees and all other appropriate relief.

### B. Class Allegations

13. Plaintiff brings this action on behalf of herself and all persons similarly situated in the State of Indiana who were sued by Defendant (within one year of the filing of this complaint) with a Notice of New Claim, the claim is on account, in which a "filing service fee" is sought and no judgment has been entered in the case.

14. Defendant regularly engages in debt collection and attempts to collect a "filing service fee" from other persons located in the State of Indiana.

15. This lawsuit seeks a determination by the Court that the violation alleged in paragraph 11(b) above is indeed a violation of the Fair Debt Collection Practices Act and for an award of damages as authorized by 15 U.S.C. § 1692k(a) for all similarly-situated persons.

16. The class members are so numerous that joinder is impracticable. On information and belief, the proposed class consists of more than 35 persons.

17. Plaintiff's claims are typical of the proposed class. Common questions of law or fact raised by this class action complaint affect all members of the proposed class and predominate over any individual issues. Common relief is therefore sought on behalf of

2

all members of the class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

18. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudications with respect to the individual members of the proposed class, and a risk that any adjudications with respect to individual members of the proposed class would, as a practical matter, either be dispositive of the interests of other members of the proposed class not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

19. Plaintiff will fairly and adequately protect and represent the proposed class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the proposed class because Defendant's conduct was perpetrated on all members of the proposed class and will be established by common proof.  Moreover, Plaintiff has retained counsel with extensive experience in the Fair Debt Collection Practices Act and class action litigation.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. Certify the class of all persons in the State of Indiana who were sued by Defendant (within one year of the filing of this complaint) with a Notice of New Claim, the claim is on account, in which a filing service fee is sought and no judgment has been entered in the case;

B. Appoint Plaintiff as Class Representative of the Class and her attorney as Class Counsel;

C. Find that attempting to collect a "filing service fee" from a person who is not contractually responsible for it violates the FDCPA;

D. Enter judgment in favor of Plaintiff and the Class and against Defendant for actual and statutory damages, costs and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a);

E. Award Plaintiff an incentive award for her participation as Class Representative; and

F. All such additional relief as the Court deems appropriate and just.

For Plaintiff Valentina Bondarenko, individually, and all others similarly situated:

s/ *Robert E. Duff*
Robert E. Duff
INDIANA CONSUMER LAW GROUP/
THE LAW OFFICE OF ROBERT E. DUFF
P.O. Box 7251
Fishers, IN 46037
Telephone: 800-817-0461
Facsimile: 800-817-0461
Email: robert@robertdufflaw.com